UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VINCENT MINECCI and JEREMY BOKUN,
on behalf of themselves and all others similarly
situated

                          Plaintiffs,

                           **REPORT &amp; RECOMMENDATION**

          -against-                      16-CV-5134 (JS) (GRB)

CARLYLE AT THE OMNI, INC.,
BETHPAGE ASOCIATES, LLC, CARLYLE
AT THE PALACE, INC., CARLYLE DÉCOR,
INC., CARLYLE MANSION OF
LAWRENCE, LLC, CARLYLE OF
LAWRENCE, LLC, CARLYLE OFF THE
GREEN, INC. and STEVEN CARL,

                          Defendants.
-----------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

      Pending before the undersigned, on referral from the Honorable Joanna Seybert, is plaintiffs' motion to enforce a settlement agreement. DE 86. Plaintiffs seek entry of judgment for a breach of a settlement agreement between the parties, which was so ordered by the Court. DE 85.[1] For the reasons that follow, the undersigned respectfully recommends that the Court grant in part and deny in part plaintiffs' motion, and enter judgment against defendants in the

---

[1] Plaintiffs also ask the Court to vacate a stay and to compel defendants to appear. DE 93. First, the request to vacate the stay is moot because that stay expired on September 24, 2018. DE 85 ("This case is hereby stayed until September 24, 2018 to allow Defendants to obtain new counsel"). Second, the motion to compel defendants to appear should be denied. If the district court adopts this R&R, then plaintiffs may pursue any appropriate post judgment remedies to collect on the judgment.

1

amount of $150,000.00.

## STATEMENT OF FACTS

Plaintiffs are employees of defendants who brought this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). DE 1 at ¶ 1. After defendant answered the complaint, the Court certified a collective action. DE 22 (answer); DE 30 (consent motion for collective action); Electronic Order dated May 2, 2017 (granting consent motion). After two years of litigation, the parties proposed a settlement for court approval pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), which was granted, with modifications not relevant here, after a fairness hearing (the "Settlement Agreement"). DE 74; DE 85. The Court expressly "retain[ed] continuing jurisdiction over this action, the parties, and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement." DE 85.

In the Settlement Agreement, defendants agreed to pay $150,000.00 "for the benefit of the plaintiffs and the Class."[2] DE 74-3, at ¶ 17. Defendants were required to calculate the final amounts due to each class member and provide an accounting to plaintiffs' counsel before distributing the settlement amounts. *Id.* at ¶ 30. The parties agreed the accounting was due on June 8, 2018. DE 86-2 at ¶ 3. Settlement payments were to be mailed on or before June 18, 2018. *Id.* To date, defendants has failed to comply any of these obligations. *Id.* Pursuant to the Settlement Agreement, plaintiffs' counsel sent a notice of default to defendants' counsel. *Id.* at ¶ 4. Defendants have failed to cure their default. *Id.* Defendants have also submitted no opposition to this motion.

---

[2] The Court certified a class for the purposes of settlement only. *See* DE 74-5 at 2.

2

**DISCUSSION**

A settlement is a contract that "[o]nce entered into...is binding and conclusive." *Powell v. Omnicon*, 497 F.3d 124, 128 (2d Cir. 2007). As such, a "district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, at *1 (2d Cir. 2013) (citing *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). "A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986) (citing *Meetings & Expositions, Inc.*, 490 F.2d at 717).

### I.     Judgment

"Under New York law . . . for breach of contract, the elements of the claim are a contract, the plaintiff's performance under the contract, the defendant's breach, and damages resulting from the breach." *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 980 F. Supp. 2d 400, 408–09 (E.D.N.Y. 2013) (citation and quotations omitted).

Plaintiffs have established, and the record herein reflects, that the parties entered into the Settlement Agreement that was so ordered by the Court, under which defendants agreed to pay $150,000.00 as full settlement of plaintiffs' claims against them. DE 74-3 at ¶ 17. Plaintiffs properly provided defendants with notice of the default, and defendants have failed to cure that default. DE 86-2 at ¶ 3. Defendants have filed no opposition. Therefore, the undersigned recommends that the Settlement Agreement be enforced, and judgment enter against defendants in the amount of $150,000.00.

Plaintiffs' also request that the Court include in the judgment a failure to pay clause

pursuant to NYLL § 198(4). DE 86-1 at 3, n.1. That section provides, in relevant part:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

However, that section is not applicable here. Both the statutory language and case law show that this provision is included when a court issues a judgment based upon a NYLL cause of action. *See e.g.*, *Gonzalez-Diaz v. Daddyo's Mgmt. Grp., Inc.*, 16 CV 1907 (ENV) (RML), 2017 WL 7625319, at *4 (E.D.N.Y. Nov. 7, 2017) ("I conclude that the entire judgment a court awards *under the NYLL* is subject to the automatic increase provisions") (emphasis added); *Romero v. Anjdev Enter., Inc.*, 14 Civ. 457 (AT), 2017 WL 548216, at *13 (S.D.N.Y. Feb. 10, 2017) ("Pursuant to the NYLL 'in any amounts of [damages awarded under the NYLL] remain unpaid . . .") (substitution in original); *Montellano-Espana v. Cooking Light, Inc.*, 2016 WL 4147143, at *8 (E.D.N.Y. Aug. 4, 2016) (applying section 198(4) because "[p]laintiff's damages are all awarded under the NYLL"); *Hernandez v. Jrpac, Inc.*, 14 Civ. 4176 (PAE), 2016 WL 3248493, at *36 (S.D.N.Y. June 9, 2016) ("The Court holds that if 'any amounts [of damages awarded under the NYLL] remain unpaid . . .") (substitution in original). By contrast, here, the Court is enforcing a settlement agreement, which is fundamentally a cause of action sounding in breach of contract. *See Powell*, 497 F.3d at 128. Thus, NYLL § 198(4) is inapplicable, and the Court should deny plaintiffs' motion to include a provision that section in the judgment.

## II.  Attorneys' Fees

Plaintiffs also seek an award of attorneys' fees for plaintiffs' counsel's efforts in enforcing the Settlement Agreement and filing this motion. DE 86-1 at 3. Counsel fails to demonstrate entitlement to a fee award, as the Settlement Agreement does not expressly provide for attorney fee shifting. *See* DE 74-3 at ¶ 17 (providing for an award of attorneys' fees from the

4

settlement amount). Even assuming, however, that plaintiffs are entitled to a fee award under the FLSA or NYLL, the application fails due to a failure to adequately document the attorneys' fees sought.

"Both the Second Circuit and the Supreme Court have held that the lodestar—the product of the reasonable hourly rate and the reasonable number of hours required—creates a "presumptively reasonable fee." *L.I. Head Start Child Dev. Serv., Inc. v. Econ. Opportunity Com'n of Nassau Cnty., Inc.*, 865 F. Supp. 2d 284, 291 (E.D.N.Y. 2012). "[W]hile the lodestar is not always conclusive, absent extraordinary circumstances, it must be calculated as a starting point." *Id.* The Second Circuit has also required that the district court consider the factors laid out in *Johnson v. Georgia Highway Express, Inc*. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186-87, n. 3 (2d Cir. 2008) ("*Arbor Hill*"). In doing so the district court must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorneys' fees in setting a reasonable hourly rate." *Id.* at 190 (emphasis in original).[3] In analyzing the case-specific variables, the Court need not robotically "recite and make separate findings as to all twelve of the *Johnson* factors." *L.I. Head Start Child Dev. Serv. Inc.*, 865 F. Supp. 2d at 291. *Konitz v. Karahalis*, 409 F. App'x 418, 421 (2d Cir. 2011).

Here, counsel requests the Court award an hourly rate of $400, citing two cases in which he was awarded that rate. *See* DE 86-1 at 3–4. Nevertheless, counsel provides no other

---

[3] "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 186, n.3.

5

information, and thus the undersigned is able to review only one of the *Johnson* factors. Moreover, counsel has provided no billing time records for review. Instead, counsel submits only an affidavit, which approximates the time spent on different tasks. DE 86-2 at ¶ 5; *Toussie v. Cty. of Suffolk*, Nos. 01-CV-6716 (JS) (ARL) and 05-CV-1814 (JS) (ARL), 2012 WL 3860760, at *5 (E.D.N.Y. Sept. 6, 2012) ("The party seeking attorney's fees 'bears the burden of establishing entitlement to an award,' and 'the applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Thus, the Court should deny the request for attorneys' fees.

## CONCLUSION

The undersigned respectfully recommends the Court enter judgment against defendants in the amount of $150,000.00

## OBJECTIONS

A copy of this Report and Recommendation has been provided to counsel for plaintiffs via ECF. **Counsel for plaintiffs is directed to serve a copy of this Report and Recommendation upon defendant and file proof of service.** Any written objections must be filed with the Clerk of the Court within fourteen (14) days of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.** *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by

failing to timely object)*; Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

Dated: Central Islip, New York
February 27, 2019

/s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge